PROB 22
(Rev. 01/24)

**TRANSFER OF JURISDICTION**

| DOCKET NUMBER *(Transferring Court)* |
|---|
| CR-25-00934-001-PHX-SPL |

DOCKET NUMBER *(Receiving.Court)*

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT District of Arizona | DIVISION 2: Phoenix |
|---|---|---|
| Adrian Eugene Sapp | NAME OF SENTENCING JUDGE The Honorable Steven P. Logan U.S District Judge | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 6/15/2026 | TO 6/14/2029 |

OFFENSE
Violating Title 18, U.S.C 1343 and 2, Wire Fraud, Aid and Abet, a Class C Felony offense, as charged in Count 1 of the Indictment.

JUSTIFICATION/REASON FOR TRANSFER (e.g., prosocial ties, employment/education opportunities, violation of supervision)
Adrian Eugene Sapp has established familiar ties, prosocial support systems, employment and housing in the Middle District of Florida.

**PART 1- ORDER TRANSFERRING JURISDICTION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. §3605, the jurisdiction of the probationer or supervised releasee, Adrian Eugene Sapp, be transferred with the records of this Court to the United States District Court for the District of Middle District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

7/2/2026
Date

Honorable Steven P. Logan
U.S. District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2- ORDER ACCEPTING JURISDICTION**

**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

July 14, 2026
Effective Date

United States District Judge

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

KRISTEN BROOK
Assistant United States Attorney
Arizona State Bar No. 023121
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Kristen.Brook@usdoj.gov
Attorneys for Plaintiff

SEALED

FILED ✓    LODGED ___
RECEIVED ___   COPY ___

JUN 2 4 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ Z DEPUTY

REDACTED FOR PUBLIC DISCLOSURE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>    vs.<br><br>1. Adrian Eugene Sapp,<br>     (Counts 1-26)<br><br>2. Susan Robinson,<br>     (Counts 1-26)<br><br>             Defendants. | No.   **CR-25-00934-PHX-SPL (DMF)**<br><br>**INDICTMENT**<br><br>VIO:   18 U.S.C. §§ 1343, 2<br>       (Wire Fraud)<br>       Counts 1-13<br><br>       18 U.S.C. §§ 1028A(a)(1), 2<br>       (Aggravated Identity Theft)<br>       Counts 14-26 |

**THE GRAND JURY CHARGES:**

At all times material to this Indictment, within the District of Arizona:

1. Defendant ADRIAN EUGENE SAPP was a resident of the State of Florida.

2. Defendant SUSAN ROBINSON was a resident of the State of Florida.

3. Defendants SAPP and ROBINSON resided together as common law husband and wife.

**BACKGROUND ON PANDEMIC UNEMPLOYMENT ASSISTANCE**

4. The Social Security Act of 1935 established the federal-state unemployment insurance ("UI") program, which provides benefits to eligible workers who become

unemployed through no fault of their own. In Arizona, the UI program is administered by the Arizona Department of Economic Security ("DES"). UI was a joint state and federal program that provided monetary benefits to eligible beneficiaries.

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law on March 27, 2020. It provided additional federal benefits to expand states' ability to provide UI for workers impacted by the COVID-19 pandemic, including for workers who are not ordinarily eligible for unemployment benefits.

6. The CARES Act also created the Pandemic Unemployment Assistance ("PUA") program. Under PUA, states were permitted to provide PUA to individuals who are self-employed, seeking part-time employment, or otherwise would not qualify for regular UI compensation. Congress funded the CARES Act and expanded UI through several federal programs including Federal Pandemic Unemployment Compensation ("FPUC"), and the Lost Wages Assistance Program ("LWAP").

7. In the State of Arizona, DES administered the UI program. Those seeking UI benefits submitted online applications. AZ DES accepted applications for UI and PUA benefits via an online portal. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, Social Security Number ("SSN"), mailing address, and then answer various questions to establish eligibility. Arizona DES also contracts with an identity verification provider to confirm the applicant's identity. The verification process included the submission of a photograph, and a copy of the applicant's government-issued identification. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. AZ DES relied upon the information in the application to determine UI benefits eligibility. Once an application was approved, AZ DES typically distributed state and federal UI benefits electronically through a funds transfer or to a debit card.

8. Each UI and PUA benefit application submitted to Arizona DES was processed electronically. Information in the application was electronically submitted to

- 2 -

DES in the State of Arizona. DES electronically transmitted the data (personal identifiers for the claimants) to the Social Security Administration for additional processing.

9. Starting on or about May 1, 2021, and continuing throughout 2021, SAPP and ROBINSON used stolen identities of real people and fake identity documents to falsely register for UI and PUA benefits through Arizona DES.

10. SAPP filed approximately 116 false claims using the means of identification of other people to unlawfully obtain approximately $201,123 in benefits; ROBINSON filed at least 58 false claims to unlawfully obtain at least $114,225 in benefits.

11. Between May 2021 and continuing throughout 2021, SAPP and ROBINSON caused Bank of America ("BofA"), located in Arizona, to electronically fund approximately $315,348 in fraudulent PUA and UI claims.

12. BofA funded these claims through electronic transmissions and or through the mail on pre-loaded debit cards.

## COUNTS 1-13
### Wire Fraud
### (18 U.S.C. §§ 1343, 2)

13. Beginning at a time unknown to the Grand Jury, but at least as early as May 1, 2021, and continuing throughout 2021, in the District of Arizona and elsewhere, defendants SAPP and ROBINSON, aiding and abetting each other, and others known and unknown to the Grand Jury, knowingly and willfully devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by intentional concealment and omission of material facts, specifically defendants falsely claimed to be the named applicant and falsely claimed entitlement to unemployment benefits from the State of Arizona.

14. On or about each of the dates set forth below, for the purpose of executing the scheme and artifice, defendants SAPP and ROBINSON did, aiding and abetting each other, knowingly transmit and caused to be transmitted by means of wire communication

- 3 -

in interstate commerce to and from the District of Arizona the signals and sounds described below, each transmission constituting a separate count:

| Count | Date | Defendants | Description |
|---|---|---|---|
| 1 | 5/5/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of A.K., submitted to DES |
| 2 | 5/7/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of I.S., submitted to DES |
| 3 | 5/5/2021 | SAPP & ROBINSON | Electronic application for PUA benefits for on behalf of K.H, submitted to DES |
| 4 | 5/5/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of M.C., submitted to DES |
| 5 | 5/5/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of R.F., submitted to DES |
| 6 | 5/5/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of Y.W., submitted to DES |
| 7 | 5/5/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of C.G., submitted to DES |
| 8 | 5/7/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of N.G., submitted to DES |
| 9 | 5/10/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of D.H., submitted to DES |
| 10 | 5/11/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of K.J., submitted to DES |
| 11 | 5/14/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of W.B., submitted to DES |
| 12 | 5/14/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of M.F., submitted to DES |

| Count | Date | Defendants | Description |
|-------|------|------------|-------------|
| 13 | 5/14/2021 | SAPP & ROBINSON | Electronic application for PUA benefits on behalf of E.E., submitted to Arizona DES |

All in violation of 18 U.S.C. §§ 1343, 2.

## COUNTS 14-26
### Aggravated Identity Theft
### (18 U.S.C. §§ 1028A(a)(1), 2)

15.    The factual allegations above are incorporated by reference and re-alleged as though fully set forth herein.

16.    On or about each of the dates set forth below, in the District of Arizona and elsewhere, defendants SAPP and ROBINSON, aiding and abetting each other, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit wire fraud, in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person, each transaction constituting a separate count:

| Count | Date | Defendants | Means of Identification | Description |
|-------|------|------------|-------------------------|-------------|
| 14 | 5/5/2021 | SAPP & ROBINSON | A false Virginia Driver's License containing the personal information for A.K. | Committing Wire Fraud and as alleged in Count 1 of this Indictment |
| 15 | 5/7/2021 | SAPP & ROBINSON | A false Oregon Driver's License containing the personal information for I.S. | Committing Wire Fraud and as alleged in Count 2 of this Indictment |

- 5 -

| Count | Date | Defendants | Means of Identification | Description |
|-------|------|------------|-------------------------|-------------|
| 16 | 5/5/2021 | SAPP & ROBINSON | A false Maryland Driver's License containing the personal information for K.H | Committing Wire Fraud and as alleged in Count 3 of this Indictment |
| 17 | 5/5/2021 | SAPP & ROBINSON | A false California Driver's License containing the personal information for M.C. | Committing Wire Fraud and as alleged in Count 4 of this Indictment |
| 18 | 5/5/2021 | SAPP & ROBINSON | A false Florida Driver's License containing the personal information for R.F. | Committing Wire Fraud and as alleged in Count 5 of this Indictment |
| 19 | 5/5/2021 | SAPP & ROBINSON | A false California Driver's License containing the personal information for Y.W. | Committing Wire Fraud and as alleged in Count 6 of this Indictment |
| 20 | 5/5/2021 | SAPP & ROBINSON | A false Illinois Driver's License containing the personal information for C.G. | Committing Wire Fraud and as alleged in Count 7 of this Indictment |
| 21 | 5/7/2021 | SAPP & ROBINSON | A false California Driver's License containing the personal information for N.G. | Committing Wire Fraud and as alleged in Count 8 of this Indictment |
| 22 | 5/10/2021 | SAPP & ROBINSON | A false Rhode Island Driver's License containing the personal information for D.H. | Committing Wire Fraud and as alleged in Count 9 of this Indictment |

- 6 -

| Count | Date | Defendants | Means of Identification | Description |
|-------|------|------------|-------------------------|-------------|
| 23 | 5/11/2021 | SAPP & ROBINSON | A false Illinois Driver's License containing the personal information for K.J. | Committing Wire Fraud and as alleged in Count 10 of this Indictment |
| 24 | 5/14/2021 | SAPP & ROBINSON | A false Indiana Driver's License containing the personal information for W.B. | Committing Wire Fraud and as alleged in Count 11 of this Indictment |
| 25 | 5/14/2021 | SAPP & ROBINSON | A false Florida Driver's License containing the personal information for M.F. | Committing Wire Fraud and as alleged in Count 12 of this Indictment |
| 26 | 5/14/2021 | SAPP & ROBINSON | A false California Driver's License containing the personal information for E.E. | Committing Wire Fraud and as alleged in Count 13 of this Indictment |

All in violation of 18 U.S.C. §§ 1028A(a)(1), 2.

A TRUE BILL

s/

_____
FOREPERSON OF THE GRAND JURY
Date:  June 24, 2025

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

s/

_____
KRISTEN BROOK
Assistant U.S. Attorney

- 7 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

**United States of America**

v.

**Adrian Eugene Sapp**

USM#: 95599-511

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**No.  CR-25-00934-001-PHX-SPL**

Myles Albert Schneider (CJA)
Attorney for Defendant

**THE DEFENDANT ENTERED A PLEA OF** guilty on 4/6/2026 to Count 1 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §1343 and 2, Wire Fraud, Aid and Abet, a Class C Felony offense, as charged in Count 1 of the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is committed to the custody of the Bureau of Prisons for a term of **TIME SERVED.** Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS.**

**IT IS ORDERED** that all remaining counts are dismissed on motion of the United States.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $100.00     **FINE:** WAIVED     **RESTITUTION:** $1,000.00

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

The defendant shall pay restitution to the following victim(s) in the following amount(s):
Arizona Department of Economic Security, in the amount of $1,000.00.

The defendant shall pay a special assessment of $100.00 which shall be due immediately.

The defendant shall pay a total of $1,100.00 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payments of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $50.00 over a period of 34 months to commence 60 days after the release from imprisonment to a term of supervised release.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix,

CR-25-00934-001-PHX-SPL                                          Page 2 of 5
USA vs. Adrian Eugene Sapp

Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $100.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 1 of the Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, (10) costs, including cost of prosecution and court costs.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

It is ordered that while on supervised release, the defendant must comply with the mandatory and standard conditions of supervision as adopted by this court, in General Order 17-18, which incorporates the requirements of USSG §§ 5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. Within 72 hours of sentencing or release from the custody of the Bureau of Prisons the defendant must report in person to the Probation Office in the district to which the defendant is released. The defendant must comply with the following conditions:

## MANDATORY CONDITIONS

1)      You must not commit another federal, state or local crime.
2)      You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.
3)      You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter, as determined by the court.

## STANDARD CONDITIONS

1)      You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2)      After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3)      You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4)      You must answer truthfully the questions asked by your probation officer.

CR-25-00934-001-PHX-SPL                                      Page 3 of 5
USA vs. Adrian Eugene Sapp

5)      You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6)      You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7)      You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8)      You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9)      If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10)     You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11)     You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12)     If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13)     You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1)      You must participate as instructed by the probation officer in a program of substance abuse treatment, which may include testing for substance abuse. If substance use treatment includes

CR-25-00934-001-PHX-SPL                                      Page 4 of 5
USA vs. Adrian Eugene Sapp

     inpatient treatment and you object, the probation officer must seek court authorization first. You must contribute to the cost of treatment in an amount to be determined by the probation officer.

2)      You must submit to substance abuse testing. You must not attempt to obstruct or tamper with the testing methods. You must contribute to the cost of testing in an amount to be determined by the probation officer.

3)      You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

4)      You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

5)      You must participate in a mental health assessment and participate in outpatient mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. You must take medicine as prescribed by a medical professional providing mental health treatment, unless you object, in which event you must immediately notify the probation officer. You must contribute to the cost of treatment in an amount to be determined by the probation officer.

6)      You must not use or possess alcohol or alcoholic beverages.

7)      You must cooperate in the collection of DNA as directed by the probation officer.

8)      You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

CR-25-00934-001-PHX-SPL                                                Page 5 of 5
USA vs. Adrian Eugene Sapp

Date of Imposition of Sentence:  **Monday, June 15, 2026**
         **Dated this 15th day of June, 2026.**



                                                    Honorable Steven P. Logan
                                                    United States District Judge




**RETURN**

I have executed this Judgment as follows:

defendant delivered on _____ to _____ at _____                    , the institution

designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.


_____                    By: _____
United States Marshal                                      Deputy Marshal


CR-25-00934-001-PHX-SPL- Sapp          6/16/2026 - 11:49 AM